979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lynden THOMPSON, Plaintiff/Appellant,
v.
Mel PULVER, Defendant/Appellee.
 No. 91-3914.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 17, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lynden Thompson, an inmate at the Columbia Correctional Institution, brought suit under 42 U.S.C. § 1983, alleging that the defendant, a prison official, violated his Eighth Amendment right to remain free of cruel and unusual punishment by intentionally interfering with his medical treatment. Thompson contended that while he was under a medical work restriction, the defendant required him to perform an extra duty assignment as punishment for having contraband in his cell. The district court granted summary judgment in favor of the defendant, and Thompson appealed.
 
 
 2
 We first note that the standard applied by the district court in determining whether the objective harm and deliberate indifference components of an Eighth Amendment claim are present in this case has been recently reiterated by the Supreme Court in Hudson v. McMillian, --- U.S. ----, 112 S.Ct. 995, 1000 (1992) (only deliberate indifference to serious medical needs amounts to an Eighth Amendment violation). After reviewing the decision of the district court and the record, we have concluded that the district court properly applied this standard. Accordingly, we affirm the district court's grant of summary judgment in favor of the defendant for the reasons stated in the attached opinion and order.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 
 5
 LYNDEN THOMPSON, Plaintiff,
 
 
 6
 v.
 
 
 7
 MEL PULVER, Correctional Officer, Defendant.
 
 OPINION AND ORDER
 No. 91-C-0231-C
 
 8
 This is a civil action for monetary relief brought pursuant to 42 U.S.C. § 1983. Plaintiff contends that defendant punished him in violation of his Eighth Amendment rights by requiring him to perform an extra duty assignment while he was under medical work restriction. Presently before the court is defendant's motion for summary judgment.
 
 
 9
 Defendant asserts that although he knew of plaintiff's work restriction, he assumed it pertained to plaintiff's regular work assignment and not the extra duty assignment that had been imposed as a result of disciplinary action. Therefore, defendant argues, he did not violate plaintiff's constitutional rights because he was not deliberately indifferent to plaintiff's medical needs when he required plaintiff to perform the extra duty.
 
 
 10
 I conclude that defendant's motion for summary judgment should be granted. Plaintiff has failed both to raise any genuine dispute of material fact and to put forth evidence of facts he would have to prove at trial.
 
 
 11
 To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir.1989). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). Also, if a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the opposing party is proper. Celotex, 477 U.S. at 322. In addition, it is well established that a plaintiff may not rest on the allegations in his complaint in opposing a motion for summary judgment. See Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.1983), cert. denied, 464 U.S. 960 (1983). On a motion for summary judgment, the moving parties do not have the burden of showing
 
 
 12
 the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead ... the burden on the moving party may be discharged by "showing" ... that there is an absence of evidence to support the nonmoving party's case.
 
 
 13
 Celotex Corp. v. Catrett, 477 U.S. at 322.
 
 
 14
 For the sole purpose of deciding this motion for summary judgment, I find from the parties' proposed findings of fact that the following facts are undisputed.[1]
 
 Undisputed Facts
 
 15
 Plaintiff Lynden Thompson is and at the times relevant to this action was incarcerated at the Columbia Correctional Institution. Defendant Mel Pulver is a correctional officer at Columbia. Defendant supervised inmates; his duties did not include providing diagnostic medical services to inmates. Medical services were supplied by the Health Services Unit.
 
 
 16
 On February 7, 1991, defendant conducted a routine cell search of plaintiff's cell in Housing Unit 8, the housing unit to which defendant was assigned. Defendant found several contraband items, including an unauthorized number of extra sheets, pillow cases, and towels. Defendant issued a conduct report for the violation.
 
 
 17
 On February 26, 1991, plaintiff received medical attention when he reported an injury to his leg. Plaintiff claimed he was rammed by a kitchen cart in the same spot where he had had surgery eight years before. The nurse examined his leg and noted that his left ankle was moderately swollen and that there was a small knot in the area that was tender. Plaintiff walked with some difficulty. A range of motion test caused him some discomfort. He was placed on a medical work restriction, told to put ice on his ankle and elevate his leg while sitting, and confined to his unit. He was not to go to his prison job or to participate in indoor or outdoor sports activities. On February 27, an X-ray of plaintiff's ankle revealed that the bony structures of the left ankle were intact and the articular surfaces were smooth. The joint was preserved and the overlying soft tissues appeared unremarkable. There was no radiographic evidence of bone or joint abnormality.
 
 
 18
 Defendant was not scheduled to work on February 26 or 27. When he returned to work on February 28, he became aware that plaintiff had been placed on a medical restriction and confined to his unit. He learned of the restrictions from a memorandum posted on the bulletin board inside the housing unit's security bubble. As is usually the case, the memorandum did not specify the reasons for the restrictions. Defendant never observed plaintiff limping or in any apparent pain. He interpreted the work restriction to pertain to plaintiff's regularly assigned institutional job only.
 
 
 19
 On March 1, 1991, Randal Berz, unit 8 manager, conducted the disciplinary hearing regarding plaintiff's February 7 conduct report. Berz found plaintiff guilty of the contraband charge and gave him two hours' extra duty as the disposition for the offense. Upon receiving this disposition, plaintiff reminded Berz that he was on a medical work restriction.[2]
 
 
 20
 On March 4, 1991, defendant was assigned to Housing Unit 8, working the first shift (6:00 a.m. to 2:00 p.m.). Two officers who had worked the second shift (2:00 p.m. to 10:00 p.m.) on March 3, 1991, left a note indicating that plaintiff had completed one hour of extra duty on their shift. The note did not indicate that plaintiff was incapable of performing extra duty or that he had mentioned any physical problems to the second shift officers. Between 8:00 and 8:30 a.m. on March 4, defendant went to plaintiff's cell and advised him that he had one hour of extra duty left to perform. Defendant told plaintiff he should complete this hour by helping the janitor with his work; defendant did not assign plaintiff any specific tasks. All tasks that are usually assigned for extra duty in Housing Unit 8 involve some amount of standing and walking. There are no routine tasks that include clerical-type duties such as writing or sitting at a desk.
 
 
 21
 Plaintiff told defendant that he had completed his two hours of extra duty the day before. Also he informed defendant that he was unable to work.[3] Plaintiff then helped the janitor to clean the inmate shower area without further complaint. Plaintiff did not request any type of medical care that morning for any purpose. If plaintiff fell in the shower, defendant did not see or hear it.
 
 
 22
 On March 5, 1991, plaintiff was seen by a nurse in the Health Services Unit. She informed him that his x-ray report was normal. Nowhere in the medical record is it recorded that plaintiff reported a fall while working in the showers on March 4; the general practice is to record a reported fall if it is believed to be the cause of or a factor in an injury. The manager of the health services unit looked at plaintiff's ankle and asked him if it was any more swollen that day than any other day; he answered that it was not. Plaintiff did not tell her that he had fallen while cleaning the shower the day before. She prescribed Advil three times a day, warm moist compresses four times a day, and work restriction until March 8, 1991. The work restriction ended on March 8.
 
 OPINION
 
 23
 The Supreme Court held in Estelle v. Gamble, 429 U.S. 97, 104 (1976), that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. The infliction of suffering on an inmate violates the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense. Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." Id. at 653. In order to state an Eighth Amendment claim of cruel and unusual punishment, an inmate must allege " 'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' " Benson v. Cady, 761 F.2d 335, 340 (7th Cir.1985) (quoting Estelle v. Gamble, 429 U.S. at 106).
 
 
 24
 Plaintiff's claim that defendant violated his Eighth Amendment rights fails for two reasons. First, in order to prevail, plaintiff must show that he has suffered "sufficiently harmful" acts or omissions by defendant. Although plaintiff alleged in his complaint that he was in pain when he worked his extra duty hour cleaning the shower area, he never mentions in his proposed facts and evidentiary submissions, including his affidavit, that he suffered pain while working, or that he experienced any residual pain or damage to his ankle. To succeed at trial, plaintiff would have to prove that defendant harmed him. At the summary judgment stage, a plaintiff must make a showing sufficient to establish the existence of the harm, an essential element on which he will bear the burden of proof at trial. If plaintiff does not make the requisite showing, summary judgment for defendant is proper. Celotex, 477 U.S. at 322. A plaintiff may not rest on the allegations in his complaint in opposing a motion for summary judgment. See Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.1983), cert. denied, 464 U.S. 960 (1983). Yet that is what plaintiff has done by failing to offer any showing of injury or harm at the summary judgment stage.
 
 
 25
 Plaintiff might be understood as contending that the harm he suffered was the interference with the medical treatment restricting his working. However, plaintiff cites no precedent, and I am aware of none, that such interference rises to the level of a constitutional violation when there is no accompanying injury or pain. Indeed, when plaintiff visited the prison infirmary the day after working the extra duty hour, he did not complain of any additional pain, his ankle was no more swollen than usual, and he was told that three days later he would be taken off the medical work restriction altogether. There is no proof in the record that the one hour plaintiff worked interfered with his healing process. Because plaintiff has failed to show any harm as a result of defendant's actions, an essential element on which he would bear the burden of proof at trial, summary judgment should be granted to defendant.
 
 
 26
 Even if plaintiff had made the requisite showing of substantial harm resulting from defendant's actions, he has failed to show that defendant acted with deliberate indifference. Although courts are still refining the bright line that separates deliberately indifferent behavior from constitutionally acceptable behavior, some of the parameters are clear. The Eighth Amendment prohibits actions characterized by "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986). Mere negligence or gross negligence does not constitute an Eighth Amendment violation. Shockley v. Jones, 823 F.2d at 1072. In order to prevail in his claim, plaintiff would need to show more than that defendant knew or should have known that plaintiff was medically restricted from work and that defendant required him to work for the hour nevertheless. Plaintiff is required to show also that defendant required him to work the extra duty hour intentionally to cause him harm, or when the harm to plaintiff was so obvious that defendant had to know of it and forced plaintiff to do the work anyway.
 
 
 27
 In Jackson v. Cain, 864 F.2d 1235 (5th Cir.1989), the Court of Appeals for the Fifth Circuit considered a case in which an inmate claimed that the working conditions of his prison job violated the Eighth Amendment because they were inappropriate to his medical condition. The court held that "the constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." Id. at 1246.
 
 
 28
 [W]hen the type of work to which the convict is assigned admittedly worsens a pathological condition, such work must be deemed cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution, when the work has been assigned with the knowledge of the condition and that it will be worsened thereby or when it has been continued with the same knowledge.
 
 
 29
 Id. (quoting Black v. Ciccone, 324 F.Supp. 129, 133 (W.D.Mo.1970)). The court continued that "[a]t least this is so where the pathological condition is a medically serious one, and the worsening is significant." Id. The court concluded that "[i]f prison officials knowingly put [an inmate] on a work detail which they knew would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs." Id. The Court of Appeals for the Seventh Circuit has held that deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d at 653.
 
 
 30
 Defendant admits that he knew that plaintiff was restricted from working. He asserts that because the work restriction form contained no details about the nature of plaintiff's medical problem, and no notation that plaintiff should not perform disciplinary extra duties, he assumed that the restriction pertained to plaintiff's regular prison job only. Plaintiff claims that he told defendant that he could not perform the extra duty; however, defendant knew that the plaintiff had been assigned to perform such duty after the work restriction had been imposed, and that plaintiff had performed an hour of extra duty the day before without obvious injury. As stated above, plaintiff has made no showing of an immediate or residual pain or injury from working the extra duty hour, and the prison's medical records indicate that he was given a clean bill of health when he was seen the next day, including a release from the work restriction effective three days later. At worst, defendant may have acted negligently in not asking more questions about whether the work restriction pertained to plaintiff's regular work assignment only, or whether it applied also to extra duty. But defendant's actions do not rise to the level of deliberate indifference required to establish a constitutional violation.
 
 ORDER
 
 31
 IT IS ORDERED that defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment for defendant.
 
 
 32
 Entered this 19th day of November, 1991.
 
 
 33
 /s/ BY THE COURT:
 
 
 34
 /s/ BARBARA B. CRABB
 
 
 35
 /s/ District Judge
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This court's orders of July 23 and August 22, 1991, informed plaintiff's counsel that full compliance with the court's summary judgment procedures was required in briefing defendant's motion. Section II.B. of the court's procedures require plaintiff to respond to each numbered paragraph of defendant's proposed findings of fact, stating whether there is a genuine dispute as to each fact. Instead, plaintiff filed his own proposed findings of fact rather than responding to defendant's. The court will not search the record for factual matters supporting either the grant or the denial of a motion. In this case, however, plaintiff did refer specifically to places in the record to support his proposed findings and defendant filed a reply to plaintiff's proposed findings. Therefore, even though plaintiff did not fully follow the court's instructions, in the interest of efficiency and fairness I will consider plaintiff's proposed facts in deciding this motion. However, I will accept as unopposed any of defendant's proposed facts that plaintiff has not responded to specifically at some point in his proposed facts
 
 
 [2]
 Defendant offers as a proposed fact, supported by Berz's affidavit, that when plaintiff reminded Berz that he was on a work restriction, Berz offered him the alternative of two days' confinement to his cell and that plaintiff then chose the two hours of extra duty. Plaintiff disputes that he was offered the choice. This factual dispute is immaterial in that it has no relevance to what the defendant knew about the circumstances surrounding either plaintiff's injury or extra duty assignment
 
 
 [3]
 Defendant disputes that plaintiff told him anything except that he had already worked his two hours of extra duty. However, this factual dispute is immaterial because defendant's actions do not rise to the level of deliberate indifference even taking plaintiff's allegation as true