**BANK LEUMI LE–ISRAEL, B.M., a foreign corporation, Plaintiff–Appellee,**

v.

**Dennis LEE, an individual, Defendant–Appellant.**

No. 90–1252.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 1990.

Decided March 27, 1991.

Rehearing Denied May 13, 1991.

Paul T. Fox, Aaron C. Horowitz, Holleb & Coff, Chicago, Ill., for plaintiff-appellee.

Jeffrey I. Gehl, Richard L. Mandel, Mandel, Lipton & Stevenson, Chicago, Ill., Dennis Lee, Barrington, Ill., for defendant-appellant.

Before CUMMINGS, WOOD, JR., and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff-appellee Bank Leumi Le–Israel ("Bank Leumi") is a foreign bank transacting business in Chicago, Illinois. Defendant-appellant Dennis Lee ("Lee") was the president and a shareholder of Andens of Illinois, Inc. ("Andens"). Andens (not a party to this suit) imported goods for resale in the United States. In June 1987, Bank Leumi extended credit to Andens for the purchase of automobiles and other equipment. Payment of the obligations of Andens to Bank Leumi was guaranteed by Lee in a June 29, 1987 Unlimited Guaranty ("Guaranty").[1]

---

1. Kuldershan Padda was a shareholder of Andens and also executed an Unlimited Guaranty in favor of Bank Leumi. Padda was a party to the original lawsuit and a default judgment was

The Unlimited Guaranty provided in pertinent part that:

[T]he undersigned irrevocably and unconditionally guarantee to the Bank, payment when due, whether by acceleration or otherwise, of any and all liabilities of the Borrower to the Bank including but not limited to liabilities that are absolute, liquidated or contingent, however arising, and in addition all interest thereon and all attorney's fees, costs and expenses of collection incurred by the Bank in enforcing any of such liabilities.

The term "liabilities of the Borrower" shall include all liabilities, direct or contingent, joint, several or independent, of the Borrower now or hereafter existing, due to become due to, or held or to be held by, the Bank....

From September 1988 through December 1989, Bank Leumi issued letters of credit for Andens in favor of Andens' suppliers and Andens executed a series of notes to evidence Andens' obligation to Bank Leumi to repay amounts drawn on the letters of credit. In addition, Bank Leumi demanded standby letters of credit as additional security for these obligations. The notes provided that Andens would pay interest at the rate of "two percent above the rate of interest designated by [Bank Leumi] and in effect from time to time, as its Designated Rate, adjusted when said Designated Rate changes." The notes also provided for acceleration of the balance due in the event of Andens' bankruptcy.

On December 22, 1988, Andens filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Guaranty provided that the bankruptcy of the borrower was an event of default entitling Bank Leumi to·enforce the obligations against the guarantor. Bank Leumi then declared a default and made a demand on Lee for payment of the accelerated balance. Lee did not respond to the demand for payment and Bank Leumi filed suit seeking to enforce the Guaranty.

Bank Leumi moved for summary judgment and Lee filed a motion in opposition to summary judgment. The district court entered against him. He is not a party to this

found that no genuine issue of material fact existed and granted summary judgment in favor of Bank Leumi on November 28, 1989. On December 15, 1989, Lee filed a motion to alter the judgment pursuant to Rule 59(e) and Bank Leumi filed its opposition to Lee's motion to alter on December 26, 1989. Lee filed a notice of appeal on December 28, 1989, and the district court, believing that the notice of appeal divested the trial court of jurisdiction, dismissed Lee's motion to alter as moot. Lee then moved for reconsideration of the district court's order dismissing the motion to alter. The district court, upon reconsideration, correctly found that a timely motion for alteration or amendment of judgment under Rule 59 suspends the finality of the judgment and therefore stays the time for appeal until disposition of the motion. FED. R.APP.P. 4(a)(4); *see Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986); *see also Wikoff v. Vanderveld,* 897 F.2d 232, 236 (7th Cir.1990). The district court then amended the amount of damages awarded in the original judgment by increasing the amount of the interest award and reducing the award of attorneys' fees. Lee filed a timely notice of appeal from the amended judgment order. The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 and this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

■ We review *de novo* a district court's decision to grant summary judgment and apply the same standard as that employed by the district court. *Panozzo v. Rhoads,* 905 F.2d 135, 137 (7th Cir.1990). Therefore we will affirm the district court's judgment only if there is no genuine issue of material fact and Bank Leumi is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987).

■ Lee first argues that summary judgment was improperly granted because there was a genuine issue of material fact concerning the continued existence of the Guaranty. Lee contends, for the first time

appeal.

on appeal, that the Guaranty terminated prior to the issuance of the letters of credit due to the payment of the original underlying indebtedness. However, we need not reach the merits of this argument. The Federal Rules of Civil Procedure require affirmative defenses to be specifically pleaded.[2] FED.R.CIV.P. 8(c). Rule 8(c) provides that a party must "set forth affirmatively" the defenses of "payment, release, ... and any other matter constituting an avoidance or affirmative defense."

The purpose behind Rule 8(c) is to give plaintiff adequate notice prior to trial of the defenses that the defendant intends to assert. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir.1990). Lee did not affirmatively plead in the district court that the Guaranty was terminated through payment or release. In response to the allegation of Bank Leumi's complaint that the notes at issue were covered by the Guaranty, Lee makes a general denial but "affirmatively states that the guarantees speak for themselves." Bank Leumi further alleged in its complaint that it "demanded Lee and Padda pay the balance due under the Guarantees, equaling the amount due from Andens to Bank Leumi, but they, and each of them, have unreasonably and vexatiously refused to do so." In response to this allegation, Lee "denies that he has unreasonably or vexatiously refused to make payments thereon but affirmatively states that Bank Leumi was to proceed against standby letters of credit acting as collateral securing the notes prior to initiating an action against the Lees." Neither of these responses may fairly be characterized as asserting the affirmative defenses of payment or release of the Guaranty. Merely stating that the Guarantees "speak for themselves" is not sufficient to put Bank Leumi on notice that Lee intends to defend on the basis that the Guaranty is terminated or released by virtue of payment.

Failure to plead an affirmative defense results in a waiver of that defense. *See DeValk*, 811 F.2d at 334; *A.D.E. Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 397 (7th Cir.1984); *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir.1981). In *DeValk* we held that a technical failure to plead an affirmative defense is not fatal when the parties have argued the defense in the district court. 811 F.2d at 334. That was not done here. Lee alleges in his motion opposing summary judgment that the original borrowings in connection with the Guaranty were paid. However, Lee does not explain or affirmatively set forth why the alleged payment would relieve him of his obligation under the Guaranty—particularly in light of the "unlimited" nature of the Guaranty.

We find that Lee failed to assert the affirmative defense of payment or release of the Guaranty as required by Rule 8(c) and Lee has therefore waived that defense. Lee now urges this court to accept as a ground for reversal an argument that he failed to raise in either his answer or his motion opposing summary judgment. As we said in *Erff v. MarkHon Indus., Inc.*, "[a] trial judge may properly depend upon counsel to apprise him of the issues for decision. He is not obligated to conduct a search for other issues which may lurk in the pleadings." 781 F.2d 613, 619 (7th Cir.1986) (quoting *Desert Palace, Inc. v. Salisbury*, 401 F.2d 320, 324 (7th Cir. 1968)). Thus Lee has waived the issue of discharge of the Guaranty through payment by failing to properly raise it as an affirmative defense in the district court.

Lee next argues that the summary judgment was improper because a genuine issue of material fact existed regarding an alleged oral modification of the Guaranty. We assume that this issue is raised in the nature of an alternative pleading since a Guaranty that has been terminated through payment could not be subsequent-

---

**2.** Although the allocation of the burden of proof is determined by state law, in diversity cases the burden of pleading is determined by Rule 8 rather than by state law. *Merit Ins. Co. v. Colao,* 603 F.2d 654, 659 (7th Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).

ly orally modified. Apparently Lee is arguing that even if the Guaranty was not discharged through payment, it was orally modified to exclude the letter of credit financing from the scope of its coverage. The issue of oral modification is obliquely alluded to in Lee's affidavit supporting his opposition to the summary judgment:

> When I requested the loans on behalf of Andens without such standby letters of credit, based upon my guarantees and the guaranty of Kuldershan Padda, as well as the primary obligation of Andens, Andens was turned down. I was told that the guarantees were immaterial to the transaction, but that these transactions could only be supported with standby letters of credit.

The district judge found that although Lee had suggested there was an oral modification of the Guaranty, it did not rise to the level of a genuine issue of material fact that would preclude the grant of summary judgment in favor of Bank Leumi.

▆▆▆▆ In determining whether there are any genuine issues of material fact, we draw all inferences in the light most favorable to the nonmovant. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (1987). However, we are not required to draw every conceivable inference from the record—only those inferences that are reasonable. *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir.1989). In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court held that Rule 56(c), "[b]y its very terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original); FED.R.CIV.P. 56(c). It is the responsibility of the party opposing the motion for summary judgment to set forth specific facts demonstrating that there is a

genuine issue for trial. FED.R.CIV.P. 56(e); *see Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The nonmovant who bears the burden of proof on an issue may not merely stand on his pleadings, but must allege specific facts which demonstrate that a genuine material issue of triable fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In *Renovitch v. Kaufman*, we held that summary judgment is appropriate where the evidence supporting the nonmovant " 'is merely colorable or is not significantly probative.' " 905 F.2d 1040, 1044 (7th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The trial judge must examine whether the evidence warrants the factfinding of a jury or a judicial determination that one party must prevail as a matter of law. *Id.* at 1044

Lee's only reference to an oral modification is the allegation in his affidavit opposing summary judgment that a representative of Bank Leumi told him that the "guaranties were immaterial to the transaction." Lee argues that this bald assertion, without more, creates a genuine issue of triable fact. Lee now urges on appeal that we interpret this allegation to mean that Bank Leumi was seeking the standby letters of credit as the sole security for the letter of credit financing and not merely as additional collateral which was specifically contemplated by the terms of the Guaranty.[3]

Lee argues that the allegation of the "immaterial" nature of the Guaranty to the letter of credit transaction was sufficient to raise a genuine issue of material fact. Lee does not set forth any specific facts, other than this vague reference, to support his contention that the Guaranty was orally modified. Both Lee and Bank Leumi stress their differing interpretations of the word "immaterial" and, in fact, Lee attempts to persuade us that because his own allegation is internally ambiguous a genu-

---

**3.** The Unlimited Guaranty provides, "The Bank at all times and from time to time shall have the right to require the undersigned to deliver to the Bank as security for the liabilities of the undersigned hereunder, original or additional collateral security satisfactory to the Bank."

ine issue of material fact is created. However, we do not find the interpretation of "immaterial" to be dispositive of this issue. Rather, we find that Lee has been unsuccessful in his attempt to raise oral modification as a triable issue because even if we accept his interpretation regarding the "immateriality" of the Guaranty, that assertion is in direct conflict with Lee's prior sworn deposition testimony. At Lee's deposition he was asked by the attorneys for Bank Leumi whether he had entered into any other agreements with Bank Leumi other than the Guaranty and notes. His response was negative.[4] We have consistently held that a genuine issue of material fact cannot be established by a party contradicting his own earlier statements unless there is a plausible explanation for the incongruity. *Richardson v. Bonds*, 860 F.2d 1427, 1433 (7th Cir.1988). Any such explanation is lacking here. As we have stated, "[i]t is well established that a party cannot create a genuine issue of fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony." *Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir.1987); *see also Adelman–Tremblay v. Jewel Cos.*, 859 F.2d 517, 520–21 (7th Cir.1988); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 861–62 (7th Cir.1985). In *Miller v. A.H. Robins Co.*, we held that "[p]arties cannot thwart the purpose of Rule 56 by creating issues of fact through affidavits that contradict their own depositions." 766 F.2d 1102, 1104 (7th Cir.1985). Lee's affidavit is insufficient to create a genuine issue of material fact regarding an oral modification of the Guaranty because it directly contradicts his own earlier sworn deposition testimony denying he entered into any additional agreements with Bank Leumi.[5]

■■■ Lee also argues that a genuine issue of material fact exists regarding the calculation of interest. However, Lee first pressed this issue on appeal. Bank Leumi submitted a statement of uncontested facts in conjunction with its motion for summary judgment. Bank Leumi's statement set forth the amount requested in interest and in support of this amount referred to an affidavit by Harvey Wechsler, a vice-president of Bank Leumi. Lee now argues that the interest calculation of the Wechsler affidavit was incorrect and therefore the district judge's reliance thereon was error. However, we need not address the merits of this argument because Lee failed to raise it in the district court. *Manor Healthcare Corp. v. Guzzo*, 894 F.2d 919, 922 (7th Cir.1990) ("arguments in opposition to summary judgment not properly raised in the district court are waived"). Lee did not dispute the interest amount of the Wechsler affidavit in either his motion opposing summary judgment or his Rule 59 motion to alter the judgment. Although Lee's answer states that he did not have "knowledge or information sufficient to form a belief as to the truth" of the interest amount, the nonmovant in a summary judgment action may not rest on general denials or lack of knowledge in his pleadings to contest the movant's evidence. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1267–68 (7th Cir.1986).

■■■ The final issue we must address is the district judge's calculation of the attorneys' fees to be awarded to Bank Leumi.

---

4. Q. Besides Exhibit No. 1, which is your unlimited guaranty and Exhibits 2 through 18, which are business notes and letters of credit, are you aware of any other agreements between Bank Leumi and yourself regarding Andens?
A. No.
Q. Are you aware of any other agreements between Bank Leumi and Andens other than Deposition Exhibits 1 through 18?
A. No. Mostly Shan [Padda] was the person that—dealing with all the banks, okay. And when you ask about the agreement or the documents in between the bank's and Andens,

I'm not so sure about that, okay. I'm not clear, to my knowledge.
Q. Were there any agreements between you and the bank that are not in here?
A. No, I don't think so.
*Lee's deposition at page 2.*

5. Although it is unclear whether the district judge found that Lee's affidavit contradicted his deposition testimony, an appellate court may affirm on any ground that finds support in the record. *Dairyland Financial Corp. v. Federal Intermediate Credit Bank*, 852 F.2d 242, 244 (7th Cir.1988).

**238**

Lee does not dispute that the Guaranty provides for the payment of attorneys' fees involved in Bank Leumi's collection efforts; however, Lee contends that the evidence does not support the amount of the award of attorneys' fees. In the first judgment entered November 30, 1989, the district judge awarded Bank Leumi $32,464.06 [6] although Bank Leumi's statement of uncontested facts claims $30,627.74 in attorneys' fees. The district judge apparently arrived at this award of attorneys' fees by adding the attorneys' fees requested in the original affidavit of $20,745.50, the costs claimed in the original affidavit of $2,990.78, the attorneys' fees requested in the supplemental affidavit of $5,737.00, and the costs claimed in the supplemental affidavit (which are duplicative) of $2,990.78. When the duplicate costs of $2,990.78 are subtracted from the award of $32,464.06, an amount of $29,473.28 is obtained.

In Lee's motion to alter the judgment he requested that the attorneys' fees be reduced by $6,469.18 which he claimed represented discrepancies between Bank Leumi's attorneys' affidavits and the actual invoices for legal fees. Bank Leumi, in its motion to alter the judgment, submitted a corrected affidavit stating that due to a "mathematical error" the correct amount of attorneys' fees and costs totalled $27,220.38 and not $29,473.28.

The amended judgment order of January 24, 1990 awarded $783,570.38 of which $659,527.10 represents principal, $46,980.00 represents interest originally awarded, and $46,854.12 represents an increased interest award. The attorneys' fee awarded was $30,209.16. We cannot discern the calculation utilized to achieve this result. Moreover, the district judge made a specific finding in the amended order that the attorneys' fees were overstated by $2,252.90, but that amount, when subtracted from the fees awarded in the original order, does not yield $30,209.16. Nor does the amended order address the problem of the duplica-

tive costs. We therefore remand to the district court for further proceedings to calculate an appropriate award of attorneys' fees.

We therefore affirm the grant of summary judgment by the district court, but vacate the award of attorneys' fees and remand for further proceedings on that issue.

---

**6.** This figure assumes that the total original judgment amount of $738,971.16 represents $659,527.10 in principal and $46,980.00 in interest (as reflected by Bank Leumi's motion for summary judgment). We make this assumption because the order of the district judge only states the total amount of the judgment awarded without specific allocation to principal, interest, or fees.