Eileen D. MLSNA, Plaintiff,

v.

UNITEL COMMUNICATIONS, INC., Defendant.

UNITEL COMMUNICATIONS, INC., Third Party Plaintiff,

v.

Theodore M. MLSNA, Third Party Defendant.

No. 90 C 3773.

United States District Court, N.D. Illinois, E.D.

July 2, 1993.

Denice A. Gierach, Naperville, IL, for plaintiff Eileen D. Mlsna.

Howard Peritz, Levine, Shifrin & Associates, Ltd., Schaumburg, IL, for Unitel Communications Inc., defendant/third party plaintiff.

Mitchell David Rose, Firedman & Holtz, P.C., Chicago, IL, Denice A. Gierach, Napperville, IL, for Theodore M. Mlsna, third party defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Plaintiff Eileen D. Mlsna ("Plaintiff") filed this action against defendant Unitel Communications, Inc. ("Unitel") claiming violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161–1167 (1991). Specifically, Eileen Mlsna claims Unitel's failure to give her notice of her right to elect continuation of health care coverage violated the notice requirement of COBRA. 29 U.S.C. § 1166. She seeks retroactive coverage under Unitel's health care plan and payment for medical bills. Unitel filed a third party complaint against Theodore M. Mlsna claiming that any failure to comply with COBRA was due to his willful conduct. The parties have filed cross motions for summary judgment.[1]

For reasons stated below, this Court grants plaintiff Eileen Mlsna's motion for summary judgment on the issue of liability. Defendant Theodore Mlsna's motion for summary judgment is granted. Defendant and third party plaintiff Unitel's motion for summary judgment is denied.

"[T]he Supreme Court [has] held that Rule 56(c), '[b]y its very terms, . . . provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

---

1. Unitel asserts that plaintiff's motion does not comply with rule 12(M) of the General Rules for the U.S. District Court for the Northern District of Illinois. As a result, Unitel contends that this Court should deny plaintiff's motion. However, paragraph eighteen of plaintiff's motion provides a list of facts that plaintiff contends are the uncontested facts that support her motion.

there be no *genuine* issue of *material* fact.' " *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original)). In the present case, the parties have filed cross motions for summary judgment. The material facts are not in dispute; therefore, summary judgment is proper.

The following facts are not in dispute. From 1987 through 1989, Unitel employed plaintiff's spouse, Theodore Mlsna. During this time, Unitel's group health plan, covered Eileen Mlsna as a dependent of her spouse. On January 23, 1989, Theodore Mlsna submitted his resignation to Mr. Mallin, the president of Unitel. Either immediately or on January 25, 1989, Mr. Mallin relieved Theodore Mlsna of his duties. Following the termination of Theodore Mlsna's employment, Unitel did not notify plaintiff of her right to elect continuation of health care coverage under Unitel's group health plan. After plaintiff's coverage under Unitel's health care plan ended, she incurred substantial medical bills.

## I. APPLICABLE COBRA PROVISIONS

In 1986, Congress enacted COBRA to amend the Employee Retirement Income Security Act ("ERISA") by providing for limited continuation coverage rights under employer-provided group health insurance plans. *Swint v. Protective Life Ins. Co.*, 779 F.Supp. 532, 552 (S.D.Ala.1991). Congress found ERISA did not adequately ensure individuals would not be abruptly left without health care coverage. Therefore, COBRA is remedial legislation. *National Companies Health Plan v. St. Joseph's Hosp. Inc.*, 929 F.2d 1558, 1567 (11th Cir.1991). The legislative history of the COBRA amendments shows Congressional concern "with. reports of the growing number of Americans without any health insurance coverage and the decreasing willingness of our Nation's hospitals to provide care to those who cannot afford to pay." H.R.Rep. No. 241, Part 1, 99th Cong., 2d Sess. 44, *reprinted in* 1986 U.S.C.C.A.N. 579, 622. Congress designed COBRA to "allow a spouse or former spouse who has been a qualified beneficiary under a group plan to elect continuation coverage on his or her own behalf." *Id.*

"The administrator's duties under COBRA are not onerous while the result of noncompliance could be disastrous for the discharged employee." *Phillips v. Riverside, Inc.*, 796 F.Supp. 403, 411 (E.D.Ark.1992). COBRA mandates:

> The plan sponsor of each group health plan shall provide ... that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

29 U.S.C. § 1161(a). COBRA requires the plan administrator to notify any qualified beneficiary of her rights following a qualifying event. 29 U.S.C. § 1166(a)(4). COBRA defines a qualified beneficiary as any individual, who on the day before the qualifying event, is a beneficiary under the plan as the spouse of the covered employee. 29 U.S.C. § 1167(3). A qualifying event is an event that, but for the continuation coverage required under COBRA, would result in the loss of coverage of the qualified beneficiary. 29 U.S.C. § 1163. Employment termination for reasons other than gross misconduct is a specified qualifying event. 29 U.S.C. § 1163(3). After the beneficiary receives notice of her rights, she has sixty days to elect continuation coverage. 29 U.S.C. § 1165. The coverage must continue for at least eighteen months following the qualifying event, or until the qualified beneficiary becomes covered under another group plan. 29 U.S.C. § 1162.

## II. APPLICATION OF COBRA TO THIS CASE

Unitel concedes that it is bound by COBRA. Unitel's employee handbook states that Unitel is the plan administrator of its medical plan. Unitel admits its medical plan covered Eileen Mlsna as a dependent of her spouse. The parties do not dispute that plaintiff spouse's employment terminated and that Unitel did not provide plaintiff with the required COBRA notice. Liability under

these circumstances is warranted by COBRA and its legislative history.

Unitel attempts to exculpate its conduct by maintaining that the circumstances surrounding this case exempt it from the mandated COBRA notification. Unitel basically raises three arguments: 1) Unitel terminated plaintiff spouse's employment for gross misconduct, and therefore plaintiff was not entitled to COBRA notification; 2) plaintiff's actions subsequent to her spouse's employment termination relieve Unitel of liability; and 3) Theodore Mlsna is responsible for Unitel's violation of COBRA.[2] These arguments attempt to subvert the purpose of COBRA and an employer's responsibility under COBRA.

## A. PLAINTIFF'S RIGHT TO COBRA NOTIFICATION

■ Unitel's first line of arguments encompasses two related issues: the circumstances surrounding Theodore Mlsna's termination and the effect of the termination on Eileen Mlsna's COBRA rights. Unitel argues it terminated Theodore Mlsna for gross misconduct, so no qualifying event took place to trigger plaintiff's COBRA notification. Although a plain reading of 29 U.S.C. § 1163(2) seems to support defendant's contention, this interpretation is problematic. There is no case law to support the conclusion that when an employer terminates an employee for gross misconduct, the employer's duty to provide the employee's spouse with COBRA notification is excused. This interpretation seems unlikely in the context of the legislative history. Congress wanted to protect spouses and dependents of employees from abruptly losing health care coverage. It appears unreasonable that the action of the employee could excuse the COBRA protection of the spouse. Furthermore, section 1163 defines a qualifying event as an event that but for COBRA would result

in the loss of coverage of a qualified beneficiary. 29 U.S.C. § 1163. Clearly, Eileen Mlsna is a qualified beneficiary who but for COBRA would lose health care coverage after her spouse's employment terminated.

■ "Indeed, in applying COBRA, federal courts should take care to apply equitable principles and fashion remedies to make injured parties whole." *Swint,* 779 F.Supp. at 553. Congress did not intend COBRA to be "exhaustive, inflexible rules concerning one's right to elect such coverage." *Id.* at 553 n. 53. Interpreting COBRA in light of Congressional intent, it logically follows that an employee's spouse should, at the very least, receive COBRA notification before her health care coverage terminates. Therefore, Unitel should have notified plaintiff of her COBRA rights before terminating her health care coverage.

■ Even if COBRA excuses an employer from notifying a spouse of the option to continue health care coverage when it terminates an employee for gross misconduct, Unitel did not terminate Theodore Mlsna for gross misconduct. Both parties agree that Theodore Mlsna resigned on January 23, 1989. Unitel did not ask for this resignation. For purposes of COBRA, his resignation was the qualifying event that triggered Unitel's duty to Eileen Mlsna.

## B. THE EFFECT OF PLAINTIFF'S SUBSEQUENT ACTIONS

Unitel contends that Eileen Mlsna's subsequent actions exonerate its failure to comply with COBRA. Unitel alleges that Eileen Mlsna gained coverage under another health care program thus relieving Unitel of liability. Alternatively, Unitel alleges Eileen Mlsna did not comply with its claims procedure, so it is not liable for her medical bills.

---

**2.** Unitel also argues that the Mlsnas are not entitled to coverage because of some action or knowledge of Theodore Mlsna. This argument misses the point. Eileen Mlsna is the plaintiff not Theodore Mlsna. COBRA requires separate notice to Theodore Mlsna and Eileen Mlsna. Theodore Mlsna is not alleging Unitel violated his right to Cobra notification. Unitel incorrectly cites *Matteson v. Intedge Industries, Inc.*, 1990 WL 200705 (E.D.Pa.1990), to support the propo-

sition that because Theodore Mlsna knew of his COBRA rights, it did not have to provide notice to Eileen Mlsna. First, even if this Court applied *Matteson,* what would be relevant is what Eileen Mlsna knew not what Theodore Mlsna knew. Second, cases more in line with Congress's intention in enacting COBRA specifically state an employee's knowledge is irrelevant to an employer's duty to provide COBRA notification. *E.g., Phillips,* 796 F.Supp. at 409.

Although Eileen Mlsna obtained health care coverage in March 1989, it was rescinded back to its origination date. Hence, it is as if she never obtained coverage. Furthermore, the COBRA provision that allows a group health plan to terminate coverage after an individual obtains alternative coverage is inapplicable in this case. That provision only applies when a qualified beneficiary was notified of her COBRA rights, and had elected and obtained coverage. 29 U.S.C. § 1162(2)(D). Unitel is accused of violating the notification provision of COBRA not the continuation of coverage provision. If Unitel notified Eileen Mlsna of her right to a continuation of health care coverage and she elected to continue, then defendant's argument would be appropriate. In the context of the present case, it is not.

Furthermore, Unitel cannot bar Eileen Mlsna from submitting her claims because she failed to submit them within the period provided by its health care plan. Her health care coverage terminated along with Theodore Mlsna's employment. She had no reason to submit her claims to Unitel. Eileen Mlsna would have had that duty only if, at the time she incurred the expenses, she had both received notification of her rights and elected to continue coverage. At that point, she would be bound by the rules of Unitel's plan.

## C. LIABILITY OF THIRD PARTY DEFENDANT

Unitel finally argues that it is not liable but Theodore Mlsna is liable. This argument needs little response. Unitel's argument essentially boils down to the following: because Theodore Mlsna was responsible for sending COBRA notices while he was employed by Unitel, he remained responsible for sending COBRA notices after his employment terminated. After Theodore Mlsna's employment terminated, his duty to send Unitel's COBRA notices terminated. At that point, he was no more responsible to end Unitel's COBRA notices than his next door neighbor who had never been connected with Unitel.

## III. CONCLUSION

In conclusion, this Court finds COBRA requires notification to the covered employee and separately to the covered spouse. As the facts have indicated, there was a qualifying event that triggered Unitel's duty to give Eileen Mlsna notification of her COBRA rights. Unitel admits that it failed to give Eileen Mlsna notification. Unitel, therefore, has violated the mandated notification requirement of COBRA.

This Court grants summary judgment as to the issue of liability in favor of Eileen Mlsna. Because there remain factual disputes concerning the amount of damages, this issue along with the related penalty and attorney fees issue remain undecided. Unitel's motion for summary judgment is denied. Theodore Mlsna's motion for summary judgment is granted in its entirety.