AM INTERNATIONAL, INC., Plaintiff,

v.

DATACARD CORPORATION and
Addressograph Farrington,
Inc., Defendants.

DATACARD CORPORATION, Addressograph Farrington, Inc., DBS, Inc., and State of Ohio ex rel. Addressograph Farrington, Inc., Counterclaimants,

v.

AM INTERNATIONAL, INC., Defendant–Counterclaimant.

No. 87 C 3408.

United States District Court,
N.D. Illinois,
Eastern Division.

April 12, 1994.

---

Lewis S. Rosenbloom, Dean C. Gramlich, Jerome B. Meites, McDermott, Will & Emery, John William Watson, III, Gardner, Carton & Douglas, Robert J. Labate, Winston & Strawn, Chicago, IL, for AM Intern., Inc., plaintiff.

John W. Costello, Wildman, Harrold, Allen & Dixon, Michael Robert Enright, Arvey, Hodes, Costello & Burman, Chicago, IL, Thomas W. Tinkham, Paul J. Scheerer, Steven J. Kinnunen, Becky Comstock, Scott H. Peters, B. Andrew Brown, Dorsey and Whitney, Minneapolis, MN, for DataCard Corp. and Addressograph Farrington, Inc., defendants.

Dean C. Gramlich, Jerome B. Meites, McDermott, Will & Emery, Erica Lynn Dolgin, Schiff, Hardin & Waite, John William Watson, III, Gardner, Carton & Douglas, Chicago, IL, for AM Intern., Inc., counterdefendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendants-counterclaimants DataCard Corporation, DBS, Inc., and Addressograph Farrington, Inc. ("DataCard") for an Order striking the defense based on § 502(e) of the United States Bankruptcy Code, 11 U.S.C. § 502(e), asserted by AM International, Inc. ("AMI") in its post trial brief at Pages 13–14. Defendants-counterclaimants base their motion on the grounds that AMI has failed previously to assert this as an affirmative defense pursuant to the requirements of Fed.R.Civ.P. 8(c) and because this Court does not have jurisdiction to consider this defense.

More specifically, DataCard argues that the affirmative defense raised by AMI for the first time in its post trial brief should be stricken. AMI argues in its post trial brief that DataCard's claims seeking declaratory and injunctive relief for the cleanup of the Homesville, Ohio facility previously owned and operated by AMI should be disallowed pursuant to § 502(e) of the United States Bankruptcy Code, 11 U.S.C. § 502(e). Because AMI previously failed to raise this affirmative defense during the seven years this action has been proceeding, and because this court does not have jurisdiction to consider the allowance of claims against AMI's bankruptcy estate, the affirmative defense should be stricken. For the reasons that follow, the motion to strike is granted.

### PROCEDURAL BACKGROUND

DataCard correctly has set out the history of this case. On April 14, 1982, AMI commenced a Chapter 11 reorganization by filing a voluntary petition with the United States Bankruptcy Court for the Northern District of Illinois. AMI's Amended Plan of Reorganization was confirmed by the Bankruptcy Court on September 11, 1984.

On March 20, 1987, AMI commenced this action in the Bankruptcy Court for the Northern District of Illinois, Eastern Division. In its complaint, AMI requested relief for potential future claims made against it by DataCard relating to the release of hazardous substances into the environment as the result of AMI's prior operations at the Homesville facility. AMI did not, however, assert in its complaint that DataCard served compulsory counterclaims based on the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Resource Conservation and Recovery Act ("RCRA"), the Federal Water Pollution Control Act ("FWPCA"), and several common law doctrines. AMI served its answer to DataCard's counterclaims on March 31, 1989. AMI's answer did not raise the affirmative defense that DataCard's claims should be disallowed pursuant to Bankruptcy Code § 502(e).

On August 27, 1987, AMI made a motion to dismiss the defendants' CERCLA, RCRA,

FWPCA, and nuisance counterclaims. AMI's motion did not assert that DataCard's claims should be disallowed pursuant to Bankruptcy Code § 502(e). The motion was denied.

On February 14, 1991, DataCard amended its answer and counterclaims in this action. On March 1, 1991 AMI served its answer to DataCard's Amended Counterclaims. AMI's answer to DataCard's amended counterclaims did not assert that DataCard's claims should be disallowed pursuant to Bankruptcy Code § 502(e).

On October 21, 1991, AMI made a motion for summary judgment requesting this court declare that its liabilities based on events or acts occurring prior to September 11, 1984, were discharged by the Bankruptcy Court's confirmation of AMI's Amended Plan of Reorganization. Again, AMI's memorandum of law dated October 21, 1991 and its reply memorandum dated December 19, 1991 in support of its motion for summary judgment did not assert that DataCard's claims should be disallowed pursuant to Bankruptcy Code § 502(e).

On February 12, 1993 AMI and DataCard submitted a joint final pretrial order in this case. The joint final pretrial order and accompanying documents filed by AMI did not assert or identify a defense based upon the disallowance of DataCard's claims under Bankruptcy Code § 502(e).

On January 24, 1994 AMI and DataCard submitted an amended joint final pretrial order. AMI also filed an amended statement of contested issues of fact and law and amended proposed finding of fact and conclusions of law. The amended joint final pretrial order and AMI's amended documents do not assert or identify a defense based upon the disallowance of DataCard's claims under Bankruptcy Code § 502(e).

On May 17, 1993, AMI filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the District of Delaware. On September 29, 1993, the Bankruptcy Court confirmed AMI's First Amended Plan of Reorganization. During its bankruptcy, AMI never sought to amend its

pleadings in this action to assert a defense under Bankruptcy Code § 502(e).

■ Fed.R.Civ.P. 12(f) provides that a "court may order stricken from any pleading any insufficient defense." An affirmative defense may be stricken if it is insufficient as a matter of law. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989); *Van Schouwen v. Connaught Corp.,* 782 F.Supp. 1240, 1245 (N.D.Ill.1991); *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990); *see* C. Wright & A. Miller, 5A *Federal Practice and Procedure* § 1380. AMI's post trial brief, which was filed and served on DataCard on March 21, 1994, raised for the first time in this case the defense that DataCard's claims for declaratory and injunctive relief should be disallowed pursuant to Bankruptcy Code § 502(e). *AMI Post Trial Brief* at 13–14. This defense is insufficient for purposes of Fed.R.Civ.P. 12(f), because AMI failed to plead this affirmative defense as required by Fed.R.Civ.P. 8(c) and because this court lacks jurisdiction to consider this defense.

■ Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant in an action to plead certain enumerated affirmative defenses and "any other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). The failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. *See, e.g., Carroll v. Acme–Cleveland Corp.,* 955 F.2d 1107, 1115 (7th Cir.1992); *Maul v. Constan,* 928 F.2d 784, 785–86 (7th Cir.1991); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 235 (7th Cir.1991); *In re Schraiber,* 141 B.R. 1000, 1005 (Bankr.N.D.Ill.1992).

■ Additionally, the final pretrial order prepared in conformance with Local General Rule 5.00 is designed to control the course of the trial. *See* Fed.R.Civ.P. 16(e); General Rule 5.00. A theory of defense that is not expressed in a party's trial brief submitted with the final pretrial order is waived. General Rule 5.00, *Standing Order Establishing Pretrial Procedure, Final Pretrial Order* n.

11. Because AMI's purported defense under § 502(e) of the Bankruptcy Code was not made part of the final pretrial order's trial brief, it cannot be raised for the first time in its post trial brief and is stricken.

■ On September 29, 1993, the United States Bankruptcy Court for the District of Delaware confirmed AMI's First Amended Plan of Reorganization. The Confirmation Order provided that the Delaware Bankruptcy Court:

shall retain *exclusive* jurisdiction over the Reorganization Case pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation, such jurisdiction as is necessary to ensure that the purposes and intent of the Plan are carried out, and including without limitation jurisdiction:

(b) To determine any and all objections to the allowance of Claims and/or Interest;

Similarly, the First Amended Plan of Reorganization, which AMI drafted, provides that following the confirmation of the Plan, the Delaware Bankruptcy Court:

shall retain jurisdiction of the Chapter 11 cases pursuant to and for the purposes of §§ 105(a) and 1127 of the Code and for the following purposes, *inter alia*:

(b) To determine any and all objections to the allowance of Claims and/or Interest:

On February 8, 1994, one week before the trial was to commence in this case, AMI served a motion in limine on DataCard. In the motion AMI argued that DataCard should be precluded from introducing evidence regarding future costs and unperformed remediation at the Homesville facility because this court did not have the authority to award damages for future response costs. On February 15, 1994 in the hearing before the court on this motion, AMI argued that this court only had the authority to resolve AMI's liability in this matter and that the Bankruptcy Court in Delaware would then resolve the bankruptcy related issues associated with that liability or claim. Trial Transcript at pp. 9–11.[1] AMI's motion in limine

---

1. AMI's counsel stated:
  The question is, is this court also going to in effect conduct a hearing under the bankruptcy

with regard to how a successful claim once reached here, will be addressed in that case in

made no reference to disallowing DataCard's claims pursuant to bankruptcy Code § 502(e).

DataCard argues further that the conclusion that this court does not have jurisdiction to consider the allowability of DataCard's claims is also supported by the First Circuit Court of Appeals' reasoning in *In re Hemingway Transport, Inc.,* 993 F.2d 915 (1st Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993). The *Hemingway* court explained that it had authority under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), to "determine liability for response costs which 'will be binding on any subsequent action or actions to recover further response costs or damages'" but that the bankruptcy court would have responsibility for allowing and estimating these claims. 993 F.2d at 923 n. 6. Based on the Delaware Bankruptcy Court's Confirmation Order and the reasoning *In re Hemingway Transport Inc.,* the Delaware Bankruptcy Court has exclusive jurisdiction over and should consider the allowance or disallowance of DataCard's claims pursuant to Bankruptcy Code § 502(e).

DataCard argues that AMI, not DataCard, chose Delaware as the forum for its bankruptcy and that AMI should not be allowed to circumvent the law of that jurisdiction by asking this court to disallow Data Card's claims. Because this court does not have jurisdiction to consider the allowability of DataCard's claims under Bankruptcy Code § 502(e), AMI argues that DataCard's claims should be disallowed. Again, the court agrees.

## CONCLUSION

AMI's argument that DataCard's claims seeking declaratory and injunctive relief for the cleanup of the Homesville, Ohio facility should be disallowed pursuant to Bankruptcy Code § 502(e) is stricken. AMI failed to raise this affirmative defense during the years this action has been proceeding. The Delaware Bankruptcy Court and not this Court has exclusive jurisdiction to consider the allowance of claims against AMI's bank-

ruptcy estate. Therefore, DataCard's motion to strike is granted and AMI's affirmative defense contained in its brief at pages 13–14 is stricken.

IT IS SO ORDERED.

Delaware. We do not think this stipulation reads anything like that.

Trial transcript at 11–11.