Perry T. JONES and Robert H. Skaletsky, Plaintiffs,

v.

BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 a/k/a City Colleges of Chicago, Defendant.

No. 98 C 1801.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 29, 1999.

Zipporah J. Lewis, Zipporah J. Lewis & Associates, Chicago, IL, Maurice Grant, Attorney at Law, Chicago, IL, Yvonne Owens, Owens & Associates, P.C., Chicago, IL, for Plaintiffs.

Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Carole A. Corns, Pugh, Jones & Johnson, P.C., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Perry Jones and Robert Skaletsky filed this age discrimination lawsuit after they were fired from their positions as auditors at the City Colleges of Chicago (the "City Colleges") in 1995. Both Messrs. Jones and Skaletsky and the City Colleges filed motions in limine and other pretrial motions, some of which require discussion. I also discuss the admissibility of several exhibits in dispute at this stage of the case.

### I.

■ Messrs. Jones and Skaletsky file a single motion in limine,[1] requesting that I

---

1. The plaintiffs are to be commended for thinking carefully about a single well-focused motion in limine directed to a central issue rather than indulging in the all-too common practice of throwing heaps of half-baked motions in limine at the court in the hope that something will stick. Defendants here bring 17 motions in limine. Number 7 is a motion to exclude hearsay evidence. That is not constructive. Unfortunately, this is not an uncommon sort of motion. Counsel should know that in court, as in the operating theater, a scalpel is better than a baseball bat.

exclude any discussion of or reference to Mr. Jones' activities as a gambler. The main evidence at issue here is some testimony by Mr. Jones in 1987 in a case before the United States Tax Court. In the process of attempting to persuade the Tax Court that his gambling losses were deductible, Jones stated that: (1) he left his previous job at Arthur Anderson in 1975 in order to "engage in gambling as a full time trade or business," but (2) he was also employed the City Colleges, and (3) he often spent weekday afternoons between the hours of 1 p.m. and 6 p.m. traveling "back and forth between work and the track." (His hours at City Colleges were 8.30 a.m. to 4.30 p.m., Monday–Friday:) This information would be highly prejudicial. Messrs. Jones and Skaletsky move to exclude this testimony and any reference to Mr. Jones's gambling. I grant this motion because defendants fail to offer persuasive reasons why it should be admitted.

Defendants argue, first, that testimony as to Mr. Jones' gambling habits is relevant to an after-acquired evidence defense. *See McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). After-acquired evidence of an employee's misconduct may limit his damages. As the Seventh Circuit summarizes this defense, "[a]n employer may be found liable for employment discrimination, but if the employer later—typically in discovery—turns up evidence of employee wrongdoing which would have led to the employee's discharge, then the employee's right to back pay is limited to the period before the discovery of this after-acquired evidence." *Sheehan v. Donlen Corp.,* 173 F.3d 1039, 1047 (7th Cir.1999). City Colleges discovered the evidence of Mr. Jones' gambling in or around September 1999, so, since the trial date is in November 1999, not much money is at stake.

City Colleges argues that Mr. Jones would not have been hired, if his gambling career had been known at the time, or that if it had been discovered while he worked for City Colleges, he would have been fired. It contends that Jones (1) committed "application fraud" because he did not disclose that he left Arthur Anderson to become a full time gambler rather than for the less striking and more conventional reasons noted on his application form, and (2) that Mr. Jones violated the City Colleges Ethics policy providing that "no information shall be withheld from, or false information supplied to, [City Colleges] by any employee." Accordingly, City Colleges says, that would cut off his damages from September 1999 when it became aware of the information.

But first, City Colleges has waived the after-acquired evidence defense by not raising it in the pleadings. The defense is an affirmative defense. *See McKennon,* 513 U.S. at 362–63, 115 S.Ct. 879. Failure to plead an affirmative defense results in a waiver of that defense. *Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 235 (7th Cir.1991); Fed.R.Civ.P. 8(c)(A party must "set forth affirmatively" any "matter constituting an avoidance or affirmative defense."). City Colleges complains that it could not have pled the defense until it acquired the information in September 1999, but this was after the date for discovery had closed. City Colleges does not allege any discovery abuse here, and in fact there is no particular reason to think that there was any.

City Colleges also contends that the "same loss" affirmative defense it did plead in its Answer (its "Tenth Defense") would be sufficient to put the plaintiff on notice of an after-acquired evidence defense. This is not true. The defense reads that the plaintiffs "would have suffered the same loss of employment in any event as a result of their poor job performance." Poor job performance is not the same as misleading an employer or even violating an employer's Ethical Standards by omitting facts from an employment application. It is not in the ballpark, or even in the neighborhood of those reasons, and so pleading poor job performance would not put the plaintiff on notice. Moreover

City Colleges itself does not contend that Mr. Jones' gambling in fact interfered with his job performance or deny that at the time of the contested Tax Court testimony, Mr. Jones' performance evaluations were excellent.

But even if City Colleges had not waived the after-acquired evidence defense, it would not be able to make out the defense and so is not entitled to offer in evidence the facts relating to Mr. Jones' gambling, since there is nothing else that has been properly pled to which this highly prejudicial evidence might be relevant. In order to make out the defense, City Colleges must show by a preponderance of the evidence that the after-acquired evidence would have led to Mr. Jones' termination. *See McKennon*, 513 U.S. at 362–63, 115 S.Ct. 879. The Seventh Circuit states that "'the inquiry focuses on the employer's actual employment practices, not just the standards established in its employee manuals, and reflects a recognition that employers often say they will discharge employees for certain misconduct while in practice they do not.' In absence of further evidence that the policy actually would have been applied, [the employer's] adversion to its stated policy is therefore insufficient to carry its burden of persuasion on the after-acquired evidence defense." *Sheehan*, 173 F.3d 1039, 1047–48 (internal citations omitted) (a case involving omissions from an employment application). "Proving that the same decision would have been justified ... is not the same as proving that the same decision would have been made." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (internal citations omitted).

City Colleges offers no evidence that it has ever refused to hire someone, or that it has ever fired anyone, because he omitted something from an employment application. It does offer the testimony of a supervisor who says that Mr. Jones would have been fired or not hired had City Colleges known of the omission, but a party's "self-serving remarks standing alone are insufficient," *Tyler v. Runyon*, 70 F.3d

458, 468 (7th Cir.1995). "Self-serving statements do not 'shed any light on whether the employer honestly based its employment decision on [the relevant] ... considerations,'" *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir.1998) (internal citations omitted), and even less do they illuminate whether the employer would have done so in a hypothetical circumstances. *Accord Haywood v. North Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir.1997). Therefore, evidence regarding Mr. Jones' gambling is not admissible.

## II.

■ City Colleges wishes to enter into evidence several pieces of what it concedes to be hearsay under the business records exception to the hearsay rule. This provides that a "memorandum, report [or] record" which would otherwise be excluded as hearsay may be admitted if it is "made at or near the time" by "a person with knowledge ... in the course of a regularly conducted business activity," as long as "it was the regular practice of that business activity to make" such records, unless there is some indication of "lack of trustworthiness." Fed.R.Evid. 803(6). That is, the record must be (1) a contemporaneous (2) record of a business activity, (3) which is regularly conducted, and (4) recorded as a matter of regular practice, (5) by or based on information from a person with knowledge, and (6) which has indicia of reliability. *See Wheeler v. Sims*, 951 F.2d 796, 802 (7th Cir.1992).

■ City Colleges wishes to admit, first, the personal file notes pertaining to Messrs. Jones and Skaletsky's job performance by their supervisor, Mr. Darnell Leavell. These contemporaneous notes were apparently written for Mr. Leavell's own reference and placed in his file without being shown to Messrs. Jones and Skaletsky or anyone else. I am not satisfied, first, that these are business records for the purposes of Rule 803(6). City Colleges does not show that making personal

file notes about employees' performance was a regularly conducted business practice or that such evaluations were recorded as a matter of regular practice. The fact that Mr. Leavell made such notes with respect to the plaintiffs in particular does not help. The memoranda were "not created with the kind of regularity or routine which gives business records their inherent reliability .... [but] obviously to memorialize [something] ... that Mr. [Leavell] may have been concerned could have some litigation potential to it." *Pierce v. Atchison, Topeka, and Santa Fe Ry. Co.*, 110 F.3d 431, 444 (7th Cir.1997).

Neither do the memoranda have indicia of reliability. Reliability may be established by such factors as systematic checking, habits of precision on the part of the keeper, reliance by others on the records, or a duty to record accurately. *Weinstein's Federal Evidence* § 803.11[3], at 803–66 (1999). Mr Leavell's notes were not systematically checked by anyone else; nothing indicates that he has any special habits of precision or that anyone else relied on these records; and he was under no duty to record that information accurately. Indeed, the circumstances suggest that he was building a case against the plaintiffs and so may have had an incentive to be less than completely accurate.

■ Second, City Colleges seeks to admit letters from an external auditor, Peat Marwick, LLP, including a draft letter dated June 13, 1995, which states that the City Colleges should recruit "qualified staff" for the internal audit department where Messrs. Jones and Skaletsky were employed, and a similar final letter dated November 30, 1995, which recommends that the City Colleges "hire and maintain qualified people to perform internal audit functions...." This evidence is supposed to show that the plaintiffs were fired because of poor job performance and not age. The draft letter of June 13 is unsigned. The final letter of November 30 is signed in manuscript with the name of the firm, "KPMG Peat Marwick LLP." These letters are inadmissable as irrelevant, since the general recommendation to hire qualified auditors (certainly good advice) does not imply that Messrs. Jones and Skaletsky were not qualified.

Moreover, the letters, even if they had been relevant, would not come in under the business records exception. They are unsigned and nothing about them indicates that they were made by or based on information from someone with knowledge. Moreover, they are not City College's business records but are based on outsider testimony which cannot be admitted under Rule 803(6), but must fall within another exception to hearsay rule to be admissible. *See Wilson v. Zapata Off–Shore Company*, 939 F.2d 260, 271 (5th Cir.1991). Several circuits have held that Rule 803(6) allows business records produced by outsiders to be admitted "if witnesses testify that the records are integrated into a company's records and relied upon in its day to day operations," *Matter of Ollag Constr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir. 1981); *accord Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir.1999); *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir.1993), but City Colleges does not offer witnesses that the Peat Marwick reports were so integrated and relied upon.

■ Third, City Colleges wishes to admit into evidence a memorandum dated February 7, 1995 in which a Richard Maday says, "[a]s per your request, I am confirming my impressions of Robert Skaletsky during his visit to Truman College on February 1, and 2[sic], 1992." The memorandum then reports various unflattering things about Mr. Skaletsky's attitude, which was apparently hostile to Mr. Maday, although the memorandum does not appear to reflect on Mr. Skaletsky's competence. It is therefore irrelevant. It is also not a business record, since there is no indication that spying on the employees of other departments was one of Mr. Maday's regularly conducted business activities the results of which he recorded as part of his regular practice, nor does the

statement of his "impressions" bear any particular indicia of reliability.

 Finally, City Colleges seeks to have admitted into evidence the termination letter that a subsequent employer sent to Mr. Jones, dated September 16, 1996, because it states that "[t]he reason for your dismissal is[:] unsatisfactory work performance." This is hearsay within hearsay, since the letter is signed by Sandra Ragan, who is evidently with the personnel office, and not by his supervisor. The portion stating the reason for termination does not qualify under the business records exception. Personnel records giving dates of hire and separation, including the fact of termination, would indeed qualify, since enterprises keep such records in the course of their regular activities, and they have every incentive to make sure that the information is reliable. But the stated reasons for termination are not necessarily kept in the course of regular business activities, and are likely to be self-serving, since only a completely insane or truly heroic personnel officer would record a blatantly illegal reason for termination even if it was the true reason. How often does one see a letter reading, "The reason for your termination is: you are too old"? Such statements therefore normally lack the indicia of reliability necessary for admissibility under the business records exception.

Defendants's motions in limine 1, 2, 4 and 10 are DENIED as moot, as discussed at pretrial conference. Motions 3, 5, and 6 are DENIED. Motion 7 is GRANTED, to the extent that the material involved is hearsay, except for material that comes in under some exception or exclusion. Motions 8 and 9 are DENIED. Motion 11 is GRANTED. Motions 12, 13, and 14 are DENIED. Motion 15 is GRANTED. Motions 16 and 17 are DENIED. Defendant's motion for discovery sanctions are DENIED as moot in view of the motion in limine. Plaintiff's motion in limine is GRANTED. The purported "business records" are excluded.