JOSTENS, INC., a Minnesota
Corporation, Plaintiff,

v.

Jon KAUFFMAN, Defendant.

Jon KAUFFMAN, Counter–Plaintiff,

v.

JOSTENS, INC., a Minnesota
Corporation, Counter–
Defendant.

No. 91–1108.

United States District Court,
C.D. Illinois.

Jan. 14, 1994.

Carol J. Hansen Fines and Christine Zeman, Giffin Winning Cohen & Bodewes P.C., Springfield, IL, for plaintiff.

Craig A. Randle, Londrigan Potter & Randle, Springfield, IL, for defendant.

## *ORDER*

McDADE, District Judge.

Before the Court is Defendant's Second Motion for Summary Judgment on Count IV of Plaintiff's Complaint [Doc. # 49]. Plaintiff, Jostens, Inc., is a corporation involved in the preparation and sale of school yearbooks. Defendant, Jon Kauffman, was a sales representative for Jostens from December, 1982 to December 31, 1990. Following the Court's August 5, 1993 Order granting Defendant's Motion for Summary Judgment to all Counts except Count IV, the Court granted Defendant's request to file an additional motion for summary judgment directed to the issue of post-employment fiduciary duties of an employee as contained in Count IV. Defendant subsequently filed the present motion. Plaintiff has responded to Defendant's motion, and Defendant replied thereto. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

"A motion for summary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990); *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Holland v. Jefferson National Life Insurance Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the non-moving party may not rest on its pleadings. Rather, it is necessary for the non-moving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

## BACKGROUND

In December of 1982, Defendant became an employee of Plaintiff, Jostens. Plaintiff is a corporation involved in the preparation,

publishing, and distribution of yearbooks. Until December 31, 1990, Kauffman worked as a salesperson and field representative for Plaintiff selling Plaintiff's yearbook products. Defendant's employment was defined by a series of Sales Representative Agreements ("Agreement"). (Complaint 3). Pursuant to the Agreements, Kauffman was assigned a territory consisting of numerous schools within a multi-county region in central and west-central Illinois. *Id.* Paragraph 4(a) of the Agreement contained a covenant in which Defendant agreed for the period of one year from the date of his termination of employment not to engage in solicitation or sale of competing products to schools/accounts he had sold to in the two years preceding his termination. *Id.* at 12.

On January 1, 1991, Defendant left Plaintiff and entered into an agreement to become a sales representative for Walsworth Publishing Company ("Walsworth"). Walsworth is involved in the preparation, publication, and sale of yearbook products and is a direct competitor of Plaintiff. Thereafter, it is alleged, Defendant began to solicit and service the schools/accounts which he had serviced while under Plaintiff's employ. *Id.* at 5.

On May 16, 1991, Plaintiff filed this suit against Defendant alleging in five counts: tortious interference with contracts; tortious interference with business relationships; defamation; breach of fiduciary duty; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant filed a Motion for Summary Judgment on all five Counts of the Complaint on February 26, 1993. The Court in its August 5, 1993 Order granted Defendant's motion as to Counts I, II, III, and V, but denied the motion as to Count IV. On September 7, 1993, Defendant filed a Motion to Reconsider the August 5, 1993 Order. In an Order dated September 29, 1993, the Court denied Defendant's motion. However, the Court granted Defendant leave to file an additional motion for summary judgment on Count IV addressing the issue of post-employment fiduciary duties in the context of the present case. Subsequently, Defendant filed the present Motion for Summary Judgment.

## ANALYSIS

◼ In Count IV of its Complaint, Plaintiff alleges that Defendant breached his fiduciary duty to Plaintiff both while employed by Plaintiff and during the one year period following the termination of Defendant's employment with Plaintiff. As for the alleged breach of fiduciary duty by Defendant while in the employ of Plaintiff, Plaintiff alleges that Defendant entered into an employment contract with one of Plaintiff's competitors and engaged in the solicitation and sale of that competitor's yearbook products to Plaintiff's customers while employed by Plaintiff. As for the alleged breach of fiduciary duty by Defendant following the termination of his employment with Plaintiff, Plaintiff alleges that Defendant owed Plaintiff a fiduciary duty not to compete with it for one year following termination of his employment by virtue of a restrictive covenant contained in the Agreement signed by Defendant and that Defendant breached this duty by competing with Plaintiff. The Court shall address each of these time periods in turn.

◼ Defendant owed Plaintiff, his employer, a fiduciary duty not to solicit customers away from Plaintiff while still in its employ. *Prudential Insurance Co. v. Van Matre,* 158 Ill.App.3d 298, 110 Ill.Dec. 563, 571, 511 N.E.2d 740, 748 (5 Dist.1987). Defendant, in his memorandum in support of his Motion for Summary Judgment, concedes that he owed Plaintiff a fiduciary duty while employed by Plaintiff. Defendant, however, maintains that he did not violate this duty and has submitted numerous affidavits and deposition transcripts supporting his position from the administrators of the schools named by Plaintiff in its Complaint and in discovery. Plaintiff in his response to Defendant's Motion for Summary Judgment also submitted affidavits in support of its position. The Court's August 5, 1993 Order stated that Defendant's affidavits have not been refuted by the affidavits submitted by Plaintiff, and that Defendant had, therefore, "shown that he did not solicit in violation of the Agreement prior to January 1, 1991." (Order dated August 5, 1993 at 7 and 14). By the earlier Order, the Court has found that Defendant did not violate his fiduciary duty to

Plaintiff prior to the termination of his employment. This aspect of Count IV is, therefore, no longer in controversy.

What still is in controversy is whether or not Defendant owed Plaintiff a fiduciary duty following the termination of his employment with Plaintiff, and if he did, whether or not this duty was violated. Defendant, in his Motion for Summary Judgment, maintains that once he left the employ of Plaintiff, he owed no fiduciary duty to Plaintiff. In support of his position, Defendant cites to cases which have held that, generally, once an employee leaves the service of an employer, he no longer owes a fiduciary duty to his former employer. As for the covenant restricting Defendant from competing with Plaintiff for one year following his departure, Defendant maintains that such a covenant cannot be a basis for a continuing common law fiduciary duty by an ex-employee. Defendant's argument is unpersuasive.

■ Illinois law holds, generally, that once an employee leaves the service of an employer, he ceases to owe that employer a fiduciary duty and is free to compete with his former employer. *Prudential Insurance Co. v. Sempetrean*, 171 Ill.App.3d 810, 121 Ill. Dec. 709, 713, 525 N.E.2d 1016, 1020 (1 Dist. 1988); *Prudential Insurance Co. v. Van Matre*, 158 Ill.App.3d 298, 110 Ill.Dec. 563, 571–572, 511 N.E.2d 740, 748–749 (5 Dist.1987). Defendant relies heavily upon *Sempetrean* and *Van Matre* for support for the proposition that he owed no fiduciary duty to Plaintiff despite the presence of the restrictive covenant in the Agreement. While as a general proposition it is true that no fiduciary duty is owed an employer by an ex-employee, these two cases make it clear that the existence of an express restrictive covenant presents an exception to the general rule.

In *Sempetrean*, the court, when considering a claim by a corporation that an ex-employee violated his fiduciary duty to the corporation through his activities following the termination of his employment, stated:

> Here, the "Agency Agreement" entered into between Prudential and Sempetrean contained no provision which circumscribed Sempetrean's post employment duties. The Agency Agreement that Pru-

dential refers to is a standardized employment contract. Prudential, in drafting this agreement, did not have the foresight to include such a restrictive covenant and we will not imply one. Therefore, the trial court properly dismissed this count in finding that as a matter of law, Sempetrean owed no fiduciary duty to Prudential following the termination of his agency relationship.

121 Ill.Dec. at 713, 525 N.E.2d at 1020. In *Van Matre*, the court, when considering a claim by a corporation that an ex-employee violated his fiduciary duty to the corporation through his post-employment activities, stated:

> Again, no express covenant existed to prevent Van Matre from competing with Prudential in the sale of whole-life policies after termination of his employment.... We therefore conclude, as did the trial court, that Prudential's complaint also fails to state a claim for breach of fiduciary duty.

110 Ill.Dec. at 572, 511 N.E.2d at 749. As the above-cited cases indicate, the presence of a restrictive covenant is an exception to the general rule that an ex-employee owes no fiduciary duty to his former employer.

Contrary to Defendant's assertions, restrictive covenants may give rise to a fiduciary duty in ex-employees. As the court in *Composite Marine Propellers v. Van Der Woude* stated:

> Claims based on unfair competition and breach of fiduciary duty stand or fall with those based on contract. Like other states Illinois allows competition between a departing employee and his former employer in the absence of a contractual promise to refrain from such competition.... None of the defendants promised to refrain from competition with either ISPL or CMP (plaintiff). "Fiduciary duty" adds nothing, because there is no basis for such a duty other than the contract.

962 F.2d 1263, 1265 (7th Cir.1992). A promise to refrain from certain types of competition was made by Defendant in this case. Plaintiff's claim of breach of fiduciary duty is, therefore, dependent upon the enforceability

of the restrictive covenant contained in the Agreement.

The restrictive covenant contained in the Agreement has not been shown to be unenforceable by Defendant in either of his motions for summary judgment. The Court stated in its August 5, 1993 Order that it would be inappropriate due to the lack of detailed factual findings to decide the enforceability of the restrictive covenant at this juncture. (Order dated August 5, 1993 at 15). Defendant has not presented the Court with any new facts in the present motion whereby the covenant could be found to be unenforceable. In addition, the Court also stated in its August 5, 1993 Order that genuine issues of material fact remain as to whether Defendant violated the Agreement during the first year following his separation from Plaintiff. (*Id.* at 14). Defendant has not cured this dispute in his present motion. Since a restrictive covenant exists, the validity of which has not been decided, and a dispute of material fact exists as to whether or not Defendant violated his fiduciary duty under this covenant, Defendant's Second Motion for Summary Judgment must be denied.

IT IS THEREFORE ORDERED that Defendant's Second Motion for Summary Judgment [Doc. # 49] is **DENIED**. This matter is referred to the Magistrate Judge for further proceedings.