**GREAT NORTHERN CORPORATION,**
Plaintiff,

v.

**HENRY MOLDED PRODUCTS,**
**INC., Defendant,**

v.

**FIBREFORM CONTAINERS,**
**INC., Counterdefendant.**

Civ. A. No. 92–C–386.

United States District Court,
E.D. Wisconsin.

Sept. 29, 1994.

George Solveson, Andrus, Sceales, Starke & Sawall, Milwaukee, WI, for plaintiff.

John Franzini, Quarles & Brady, Milwaukee, WI, Christopher Underhill, Hartman Underhill & Brubaker, Lancaster, PA, for defendant.

### ORDER

TERENCE T. EVANS, Chief Judge.

This case involves two competing patents for supports that are used to carry large rolls of materials such as paper, foil, and various types of plastic and metal. These materials are commonly stored in cylindrical rolls and shipped in a multilayer stack. However, the rolls will be damaged unless each roll in the stack is separated from the others. To aid in the proper shipment of these rolls, Great Northern and Henry Molded developed and patented "supports" in which the rolls are placed. The supports separate the rolls and allow them to be stacked together.

Both Great Northern[1] and Henry Molded believe that the other company is producing a product that infringes on its patent No. 4,195,732. A few months after Henry Molded's patent was granted—which I shall refer to as the Henry patent—it wrote to Great Northern alleging that Great Northern's product, ROLLGUARD® II, infringed on the Henry patent. Nine days after receiving Henry Molded's letter, Great Northern filed this action asking the court to enjoin Henry Molded from initiating infringement litigation against Great Northern and requesting a determination that Henry Molded's product, "STAKKER," infringed its patent. In response to Great Northern's complaint, Henry

Molded counterclaimed that Great Northern was infringing the Henry patent.

Approximately 18 months after filing its complaint, Great Northern filed a motion for partial summary judgment, alleging that Henry Molded's patent is invalid. It is this motion that I consider today.

■ Before discussing the substantive issues in this case, I pause briefly to review the standards to be applied to motions for summary judgment. Summary judgment is as appropriate in a patent case as it would be in any other case. *Barmag Barmer Maschinen-fabrik AG v. Murata Machinery, Ltd.,* 731 F.2d 831, 835, 221 USPQ 561 (Fed.Cir. 1984). According to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors that of a directed verdict. *Kincaid v. Vail,* 969 F.2d 594 (7th Cir.1992).

The summary judgment standard requires me to "view the facts in the light most favorable to the nonmoving party." *Fisher v. Transco Services–Milwaukee, Inc.,* 979 F.2d 1239, 1242 (7th Cir.1992). However, while I must view the facts in Henry Molded's favor, Henry Molded may not simply rest on its laurels and conclusorily deny Great Northern's factual allegations. Henry Molded must present evidence which disputes Great Northern's allegations. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In the end, before I may grant a motion for summary judgment, I must be convinced that "there can be but one reasonable conclusion as to the verdict. If reasonable minds could differ as to the import of the evidence, however, [summary judgment] should not be [granted]." *Anderson v. Liberty Lobby, Inc.,*

---

**1.** Great Northern and Fibreform Containers are on the same side for purposes of this decision.

For the sake of simplicity I shall refer to both parties simply as Great Northern.

477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citation omitted).

In support of its motion for partial summary judgment, Great Northern argues that claim 1 of the Henry patent was anticipated by an early device sold by Cone Rice— what I shall refer to as the Rice support— and therefore is invalid. Under 35 U.S.C. § 102, an invention is not patentable if it is anticipated in its entirety by a single prior art reference.

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States[.]

35 U.S.C. § 102. To prove that claim 1 is anticipated by a single work of prior art, Great Northern must establish "that each element of [the] claim in issue is found, either expressly described or under principles of inherency, in a single art prior reference, or that the claimed invention was previously known or embodied in a single prior art device or practice." *Kalman v. Kimberly–Clark Corp.*, 713 F.2d 760, 771 (Fed.Cir. 1983).

The Henry Molded support and the Rice support are depicted in the following drawings:

Figure 1:  Henry support--plan view

Figure 2:  Henry support--side view

Figure 3:  Rice support--plan view

Figure 4:  Rice support--
           side view

Before I can determine whether the Rice support anticipates claim 1 of the Henry patent, I must ascertain what exactly Henry Molded is claiming. In ascertaining the nature of Henry Molded's claim, I consider the language in the claim itself along with the patent specification and the prosecution history. "Preliminary to this determination [of anticipation], of course, is construction of the claims to determine their meaning in light of the specification and prosecution history, which construction is a matter of law for the court." *Kalman* at 771.[2] Rather than discuss each aspect of claim 1 of the Henry patent, I shall focus only on the aspects of claim 1 which I believe are not anticipated by the Rice support.

The Henry support contains two symmetrical depressions in each cradle (figures 1 and 2 at 30, 31) which extend downward from the place where a roll of material would rest. These depressions extend until they are coplanar, or flush with the back side of the support. The depressions do not extend the full width of the cradle, but are situated in the middle of each cradle's width. Situated as they are, the depressions provide structural support for each cradle and help sustain the shape of the cradle when a heavy roll of material is placed in it.

The two symmetrical depressions each form "lands" on the back side of each support. When two supports are placed back-to-back (or when one hinged support is folded over along line 24 [see figure 1] so that two sections are placed back-to-back), the lands contact each other. By contacting, or "engaging" each other, the lands form symmetrical vertical columns to the side of the centerline of the rolls. When several roll carrying supports are stacked on one another, these vertical columns support the overall structure of the stack, helping it to maintain its structural integrity and assisting in securely holding the rolls. These aspects of the Henry invention are disclosed in column 3 lines 46–50, column 5 lines 46–49, column 6 lines 24–27, and figures 1–6 in the Henry patent.

Contrary to Great Northern's assertions, I conclude that as a matter of law the Rice support does not contain or describe all the elements in claim 1 of the Henry patent. I admit that the supports are similar; however, there are critical distinctions between them. The Rice supports contain two depressions in each cradle. However, these depressions are semicircular notches (figures 3 and 4 at 130, 131) which are on the edges of the cradle. The notches are not in the center of the width of the cradle, as in the Henry support. Moreover, when the supports are used for their intended purpose, the notches are directly under the center of rolls of material.

As can be seen in figures 1–4, the depressions in the Rice support give less structural support than those in the Henry patent, and do not maintain the integrity of the shape of the cradle as well as the depressions in the Henry support. Moreover, the vertical columns created by the Rice supports are open columns, and extend along the centerline of the rolls of material. Such columns provide far less structural support and stability than is provided by the closed, symmetrical columns, offset a short distance from the centerline of the rolls of material, disclosed in claim 1 of the Henry patent.

Moreover, centerline columns such as those in the Rice support are not an improvement over the prior art. Earlier supports, such as the Keyes support, maintained a vertical column through the centerline of the rolls of material without use of such depressions.

The Rice support simply does not contain each element of claim 1 of the Henry patent. Specifically, the Rice support does not contain the elements described in the second paragraph and the last paragraph of claim 1 of the Henry patent.

■ Great Northern also argues that the support described in Henry Molded's patent was obvious at the time of its alleged invention and therefore is not patentable. According to 35 U.S.C. § 103, an invention cannot

---

**2.** Excuse me for constantly citing *Kalman,* but it was my case in the district court (see 561

F.Supp. 628) and I like what the Court of Appeals for the Federal Circuit did with it.

be patented if it was obvious at the time the invention was made.

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103.

■ Presumably the patent examiner considered whether Henry Molded's claims were obvious to one of ordinary skill in the art before he or she issued Henry Molded its patent. This is part of the examiner's job. Thus, along with the issuance of a patent comes the statutorily mandated presumption that the patent is valid. "A patent shall be presumed valid." 35 U.S.C. § 282. Accordingly, this "statutory presumption of validity imposes the burden of persuasion on one who attacks the validity of a patent." *RCA v. Applied Digital Data Systems,* 221 USPQ 385, 387, 730 F.2d 1440 (Fed.Cir.1984).

In support of its argument, Great Northern alleges that Mark Moyer, the inventor of claims 1 through 4, stated that the claims were obvious. However, reviewing the deposition and the affidavit of Mr. Moyer, it appears to me that he never made such a statement.

■ Mr. Moyer's opinion as to the obviousness of claim 1 is significant because he is an individual who had at least "ordinary skill in the art" of papier-mâché supports at the time of the alleged invention.[3] A precise formula of what determines "the level of ordinary skill" in a particular art has eluded description. However, "the usual way of determining such level is by referring to the subjective reaction of a person thoroughly familiar with a particular art and, if possible, one who practiced the art at the crucial time in question." *Malsbary Mfg. v. ALD, Inc.,*

447 F.2d 809 (7th Cir.1971). At the time of the alleged invention of the Henry support, Mr. Moyer was clearly "thoroughly familiar" with papier-mâché supports and was "practicing the art."

From his deposition it is clear that Mr. Moyer believed the idea of adding ribs to a papier-mâché support to assist in maintaining the shape of the support was not original and indeed would have been obvious at the time of the invention. However, ribs can come in any shape or size and need not meet the specifications of claim 1 to lend structural support in maintaining the shape of a cradle. Thus, while adding a rib may have been obvious, adding two symmetrical depressions in the center of the width of each side of the cradle which extend downward until they are coplanar with the back of the support in such a manner that they engage similar depressions from a similar support when placed back-to-back so that vertical columns are formed throughout a stack of rolls is far from obvious. In his affidavit, Mr. Moyer unequivocally stated that the complex depressions claimed in the Henry patent would not have been obvious to one skilled in the art at the time of the invention.

■ Great Northern believes that Mr. Moyer's affidavit is simply a contradiction to statements made in his deposition, and therefore should be thrown out. Moreover, Great Northern asserts that the alleged simple contradictions in the affidavit do not create a dispute as to material facts. As the Seventh Circuit stated, "[A] genuine issue of material fact cannot be established by a party contradicting his own earlier statements unless there is a plausible explanation for the incongruity." *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 237 (7th Cir.1991). Thus, if Mr. Moyer's affidavit were a simple contradiction of his deposition, Great Northern would be correct and I would pay it little attention. However, Mr. Moyer's affidavit is not a contradiction but a clarification of his deposition. This clarification is a "plausible

---

3. Mr. Moyer's ingenuity in developing the Henry support is evidence that he is actually a person with *extraordinary* skill in his art. Thus, concepts and ideas that Mr. Moyer might find obvious would not necessarily be obvious to one of ordinary skill. However, Mr. Moyer's superior abilities in his art do not restrain him from casting a credible opinion on whether the invention would have been obvious to one with ordinary skill in the art.

explanation" for the alleged incongruity, and therefore Mr. Moyer's affidavit does establish a "genuine issue of material fact."

Great Northern attempts to support its argument that claim 1 was obvious when it was invented by referring to the Rice and Keyes supports. It is undisputed that the Keyes support was proper prior art. It is disputed whether the Rice support constituted prior art. However, I believe that, considering these two supports in combination, a person of ordinary skill in the art at the time of the Henry invention would not have found it obvious to make the additions and modifications to the Keyes and Rice supports which are delineated in claim 1. Thus, it is unimportant at this time whether the Rice support is properly construed as prior art.

Further evidence that the Henry support was not obvious when it was invented can be gleaned from the failure of others to create a similar support. "Objective evidence such as commercial success, failure of others, long-felt need, and unexpected results must be considered *before* a conclusion on obviousness is reached...." *Hybritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1380 (Fed.Cir.1986). James Gilley, an employee of Henry Molded and formerly an employee of Keyes, submitted an affidavit in which he states that in 1979, while employed by Keyes, he was involved in a project to develop a papier-mâché support which was to be used to stack rolls of material. This support was intended to be an improvement on the existing Keyes support. Mr. Gilley states that the experimental project lasted for approximately 2 years and never succeeded in developing a support capable of being used in industry. After 2 years of experimentation, Mr. Gilley states that the experimental project was abandoned. The failure of Mr. Gilley and Keyes to develop a product similar to the Henry support is evidence that the Henry invention was not obvious at the time it was invented.

Great Northern further argues that claims 2 through 5 were obvious at the time of their invention and are invalid. Claims 2 through 5 are dependent claims which place further restrictions and specifications on claim 1. At this juncture, it does not appear that claim 1 was obvious; thus, it would be inappropriate for me to determine that claims 2 through 5 were obvious.

I note in passing that Great Northern's allegations that Henry's claim 5 was obvious in consideration of the Day patent is entirely without merit. As can be seen from figures 6–8, the Day patent involves a top plate on a stacking structure which contains grooves or slots within which straps may be placed. These slots or grooves are very different from the holes which the Henry patent teaches to place in the sides of each support. (Figures 1–2 at 40.)

872

Figure 6:  Day patent

Figure 7:  Day patent

Figure 8:  Top tray portion of Day patent

On the basis of the pleadings filed in this case, it does not appear that claims 1 through 5 would have been obvious to a person of ordinary skill in the art at the time of the Henry invention, and therefore the claims are not invalid under 35 U.S.C. § 103. Moreover, claim 1 was not fully anticipated by any single prior art reference, and therefore it is not invalid under 35 U.S.C. § 102.

Accordingly, IT IS ORDERED that Great Northern's and Fibreform Containers's motion for partial summary judgment is DENIED. As was decided yesterday, during a conference call with the attorneys, the October 11 trial date is not realistic. The new trial date, agreed to during the conference, will be January 10, 1995.